FILED

**NOT FOR PUBLICATION**

DEC 09 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: The Disciplinary Proceeding of BENJAMIN BRANDT WASSON, | No. 12-60035 |
| Debtor, | BAP No. 11-1709 |
| | |
| BENJAMIN BRANDT WASSON, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| UST - UNITED STATES TRUSTEE, LOS ANGELES, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Markell, Pappas, and Hollowell, Bankruptcy Judges, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Benjamin Brandt Wasson, an attorney, appeals pro se from the Bankruptcy Appellate Panel's ("BAP") order dismissing as untimely his appeal from the bankruptcy court's order suspending him from practice for one year. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo. *Bank of the West v. Wiersma (In re Wiersma)*, 483 F.3d 933, 938 (9th Cir. 2007). We affirm.

The BAP properly dismissed Wasson's appeal for lack of jurisdiction because Wasson filed his notice of appeal more than two years after entry of the bankruptcy court's order. *See* Fed. R. Bankr. P. 8002(a) ("The notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."); Fed. R. Bankr. P. 9022(a) (lack of notice of the entry of a bankruptcy court order does not affect the time to file a notice of appeal); *In re Wiersma*, 483 F.3d at 938 ("[T]he failure to timely file a notice of appeal is a jurisdictional defect barring appellate review." (citation and internal quotation marks omitted)).

**AFFIRMED.**